

**JAMES E. JOHNSON**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BILAL HAIDER**
*Senior Counsel*
Phone: (212) 356-3549
Fax: (212) 356-3509
bhaider@law.nyc.gov

May 7, 2021

**BY ECF**
Honorable Cheryl L. Pollack
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
New York, NY 11201

> Re: D.G., et al v. City of New York, et al.
> 21-cv-2073 (WFK) (CLP)

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendant City of New York ("City") in the above-referenced matter. Defendant City writes to respectfully request a sixty (60) day stay of this litigation, including all scheduled deadlines, because the Civilian Complaint Review Board ("CCRB") investigation into the underlying allegations in this case in currently pending. Plaintiffs' counsel, Paul Hale, Esq., consents to this request.

**A.    Background and Relevant Case Law**

On April 16, 2021, plaintiffs filed a complaint alleging, *inter alia*, that, on October 31, 2019, they were subjected to false arrest and excessive force. Specifically, plaintiffs allege that they were trick or treating with approximately 5 or 6 other minors, after which numerous police cars raced down the street towards them. Plaintiffs A.E. and D.G allege they were stopped, frisked numerous times, handcuffed, and transported to the 76th precinct. Plaintiff T.M. alleges that a police vehicle intentionally rammed into him, causing him to suffer broken bones in his hand. Plaintiffs further allege that the CCRB initiated an investigation into the above mentioned events. (Plaintiffs' Complaint at ¶ 40.)

Upon information, defendant City of New York was served with the Summons and Complaint on April 20, 2021. As such, defendant City's answer or response to the Complaint is due on May 11, 2021. However, this Office was recently informed by CCRB that the investigation into the events underlying plaintiffs' claims in this matter is still pending.

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012); Plaintiffs #1-21 v. County of Suffolk, 138 F. Supp. 3d 264 (E.D.N.Y. 2015).

**B.  This Matter Should Be Stayed Pending the Outcome of the CCRB Investigation**

As this Court is aware, New York General Municipal Law Section 50-k obliges the Corporation Counsel to reach a conclusion as to whether an employee acted within the scope of his employment at the time of the underlying incident before assuming that employee's representation. See N.Y. Gen. Mun. L. §50-k. Specifically, New York General Municipal Law Section 50-k(2) requires this Office to determine whether the individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." N.Y. Gen. Mun. L. §50-k(2). When "the act or omission upon which the court proceeding against the employee is based was or is also the basis of a disciplinary proceeding by the employee's agency against the employee, representation by the corporation counsel and indemnification by the city may be withheld (a) until such disciplinary proceeding has been resolved and (b) unless the resolution of the disciplinary proceeding exonerated the employee as to such act or omission." N.Y. Gen. Mun. L. §50-k(5).

When such a disciplinary proceeding or investigation is pending, this Office's ability to speak with the subjects of that investigation is limited. This policy is intended to safeguard against a conflict of interest that may arise between the individuals being investigated and the City of New York, as "where the City maintains misconduct has occurred and the employee claims no misconduct was involved, the Corporation Counsel, whose primary function is to represent the City, cannot represent the individuals." Mercurio v. New York, 758 F.2d 862, 864 (2d Cir. 1985). Indeed, if it is found that the individuals being investigated acted outside the scope of their employment and in violation of applicable rules or regulations, but this Office has already elected to represent them, the resulting conflict of interests could disqualify the entire Special Federal Litigation division of this Office from this matter.

As such, since the John and Jane Doe Officers listed in plaintiffs' complaint are presumably the subject officers of the CCRB investigation into events related to this matter, this Office cannot speak to them in order to resolve representational issues, nor can this Office engage in any substantive communications with them out of concern that a conflict of interest would arise within this Office. Until this investigation is completed, defendant City will not be able to speak with potential NYPD witnesses out of concern that they may be implicated in CCRB's investigation, nor will this Office be able to access any of the documents in CCRB's possession.

In contrast, this Office respectfully contends that any prejudice plaintiffs incur as a result of a stay is minimal, and is significantly diminished by the fact that the CCRB is actively investigating their claims. Practically speaking, should a stay be denied, and should this action therefore proceed concurrently with the CCRB investigation, all parties will spend significant resources duplicating the investigative efforts currently being undertaken by the CCRB. Instead,

- 3 -

should a stay be issued until the conclusion of the investigation, the relevant information will be compiled and presented in a way that will streamline discovery for all parties.

**C.     Conclusion**

        For the reasons set forth above, defendant City respectfully requests that the Court grant a sixty (60) day stay of the instant litigation, at which point defendant City will file a status report updating the Court on the status of the pending CCRB investigation. Thank you for your consideration.

    Sincerely,

    *Bilal Haider* /s

    Bilal Haider
    Senior Counsel
    Special Federal Litigation Division
    100 Church Street, Room 3-235
    New York, New York 10007
    (212) 356-3549
    bhaider@law.nyc.gov

cc:    Paul Hale, Esq. (By ECF)
       *Attorney for Plaintiffs*
       26 Court Street, Suite 913
       Brooklyn, New York 11242